

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**
~~JOHN BEN SHEPPERD~~
~~ATTORNEY GENERAL~~

**AUSTIN 11, TEXAS**

Honorable Morris Rolston
County Attorney
Titus County
Mt. Pleasant, Texas

Opinion No. O-1599
Re: Validity of teachers'
     contract.

Dear Sir:

     We are in receipt of your letter of October 18, 1939, in which you request an opinion of this Department as to the validity of a teachers' contract under the facts set out in your letter as follows:

     "The contract was signed by the teacher and the trustees of the Ripley Common School District of this County in May, 1939. The contract was approved by the County School Superintendent under date of September 1st, 1939. An election in accordance with the provisions of Article 2806, after proper petitions from the two Districts and an order therefor by the County Judge, was held on August 31st in said Ripley Common School District and Talco Independent School District, both of Titus County. Majorities voting in both Districts at said elections voted in favor of consolidation of the two Districts. However, the Commissioners' Court of the County did not canvass the returns nor declare the results of such elections until a few days after September 1st, 1939, the date shown on the contract that it was approved by the County Superintendent. When such returns were canvassed, it was found to be and so declared that the election carried in each of said Districts favoring the consolidation and the two Districts were consolidated under said Article 2806 and amendments thereto."

     Article 2750, Revised Civil Statutes of Texas, provides, in part, as follows:

     "Trustees of a district shall make contracts with teachers to teach the public schools of their district, but the compensation to a teacher, under a written contract so made, shall be approved by the county superintendent before the school is taught, stating that the teacher will teach such school for the time and money specified in the contract. * * *"

Article 2693, Revised Civil Statutes of Texas, provides, in part, as follows:

"The county superintendent shall approve all vouchers legally drawn against the school fund of his county. He shall examine all the contracts between the trustees and teachers of his county, and if, in his judgment, such contracts are proper, he shall approve the same; provided, that in considering any contract between a teacher and trustees he shall be authorized to consider the amount of salary promised to the teacher. * * *"

On May 13, 1939, this Department rendered Opinion No. 0-684, addressed to the Honorable A. M. Pribble, County Attorney, Goldthwaite, Texas, concerning a situation which was analogous to the one in your case. In that other case, the trustees of the common school district contracted with a teacher and subsequent to that time an election was ordered to consolidate such common school districts with an independent district. After the election had been ordered, the contract was filed with the county superintendent who approved it. The question was as to the validity of that contract. In answer to that question, Opinion No. 0-684 reads, in part, as follows:

"Article 2806, Revised Civil Statutes, provides a means whereby the qualified electorate of several school districts may vote to determine whether said school districts shall consolidate and be governed by the applicable laws pertaining thereto. Article 2809, Revised Civil Statutes, relating to consolidated districts, among other things, provides that 'acting in collaboration with the district superintendent, the board of trustees shall employ teachers for the several elementary schools in the district or for the departments of the high school, which teachers shall be elected for one year or two years, as the trustees decide, and they shall serve under the direction and supervision of the district superintendent.'

"Our Supreme Court in State ex.rel. George v. Baker, 40 S.W. (2d) 41, held:

"'To our minds, this suit presents but one question: Did the County Board of Trustees have the power to defeat the right of the people to by vote, determine the question as to whether the

district should be incorporated by re-districting the territory involved after the election has been duly and legally ordered and advertised, and while such election was still pending? We think that to state the question is to give a negative answer thereto.

"'It is our opinion, that even if it be conceded that the orders of the County Board with reference to the territory of District #16 would have been in all respects legal in the absence of the pending election, still the right of the people to vote on incorporation, having been first lawfully invoked, would not be interferred with or defeated by the County Board pending the holding of the election, and the declaration of its results.'

"The people of the district referred to in your first question, having first invoked their right to vote on the question of whether their districts shall be consolidated, governed by the laws pertaining to consolidated school districts, and their teachers employed and directed by the board of trustees of the consolidated school district, we are of the opinion that the board of trustees of one of the consolidating districts and the county superintendent could not defeat their right to vote on this question under the facts presented and the action of the county superintendent in approving these teachers contracts was premature. We, therefore, answer your first question in the negative."

It is the opinion of this Department that the rule announced in this prior opinion is correct and would apply in your case. In this prior case the county superintendent had approved the contract even before the election and the same was held to be invalid because it defeated the right and will of the people who ordered the consolidation election. Certainly, then, in your case where the county superintendent did not approve the contract until the day after the election which consolidated the two school districts said contract would also be invalid. This is especially true where the county superintendent had actual knowledge of the result of the election prior to the time that he approved the contract.

Honorable Morris Rolston, Page 4 (O-1599)


It is, therefore, the opinion of this Department that under the facts stated in your letter this teachers' contract is invalid.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/ BILLY GOLDBERG
Billy Goldberg
Assistant

BG:RS-AMM

APPROVED
Opinion Committee

APPROVED NOV 2, 1939

By BWB, Chairman

s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS


O.K. GRL